UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig J. Wilson, ) | C/A No.  0:08-01540-HFF-BM |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| v. ) | |
| ) | |
| Abraham Spain, I/M; Associate Warden Jordan, ) | |
| W.R.C.I.; Investigator (SCDC) Wilson, W.R.C.I.; ) | |
| Major Boggs, Wateree River Corr. Inst.; Seargent ) | |
| Lee, Wateree Corr. Inst.; Lieutenant McClain, ) | |
| Wateree Corr. Inst., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This is a civil action filed *pro se* by Craig J. Wilson (Plaintiff), a state prison inmate. Plaintiff is currently incarcerated at the Wateree River Correctional Institution (WRCI), part of the South Carolina Department of Corrections (SCDC) prison system. In the Complaint filed in this case, Plaintiff alleges that he was "sexually and inappropriately touched" by a fellow inmate and that he desires medical attention from a psychologist. (Compl. at 3-4.) Plaintiff names the inmate that he alleges touched him (defendant Spain) and corrections employees (WRCI and SCDC defendants) as defendants. Plaintiff seeks damages and injunctive relief.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of*



*Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint filed in this case is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In as much as Plaintiff's complaint could be construed to claim that the WRCI and SCDC defendants were deliberately indifferent to his safety or serious medical needs, his complaint fails to state a claim.

First, in the context of a claim that officials failed to protect an inmate, Plaintiff must show that prison officials were "deliberately indifferent" to his safety or health. *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). Proof of "deliberate indifference" requires a showing that prison officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," that the inference was actually drawn, and that the risk was nevertheless disregarded. *Farmer v. Brennen*, 511 U.S. 825, 837 (1994). Here, the allegations made by Plaintiff



do not indicate that, prior to the alleged incident, any of the WRCI and SCDC defendants had any knowledge of a potential danger to the Plaintiff that they ignored, nor do Plaintiff's allegations state a claim that the WRCI and SCDC defendants failed to protect him from a risk of substantial harm. Indeed, Plaintiff concedes that his claims were investigated and that the other inmate (Spain) was moved to "another yard in lock-up."

With regard to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Negligent or incorrect medical treatment is not actionable under § 1983. *Id*. at 106. Here, assuming that Plaintiff even has a serious medical need (which is not apparent from the allegations of the Complaint), he fails to allege that the WRCI and SCDC defendants have acted with deliberate indifference to his needs. Plaintiff states that following the incident at issue, he did not feel that he needed medical attention. Although it appears that he has now changed his mind, Plaintiff fails to state that he has sought medical treatment that has been denied. Rather, Plaintiff simply states that "this is a worry and I need to talk to someone yet because of being made to sign this [paper signed at time of incident stating no need for medical treatment] I can't." (Compl. at 4.) While he complains that he has not received counseling, he offers no facts to show that he has requested this type of treatment and that it has been denied by the WRCI and SCDC defendants. Therefore, Plaintiff fails to state a claim of deliberate indifference to his serious medical needs.

Finally, even if the complaint had otherwise alleged a viable constitutional violation, Spain should be dismissed as a party Defendant because there is no allegation of state action on his part. To act under color of state law for purposes of a §1983 lawsuit, an individual's action that



allegedly caused the deprivation of a federal right must be "fairly attributable to the state." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) *quoting Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). State action is required because "most rights secured by the Constitution are protected only against infringement by governments." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). Defendant Spain is a fellow inmate that Plaintiff alleges inappropriately touched him. Therefore, the complaint in this case fails to state a claim against defendant Spain pursuant to § 1983.

Any claim that Plaintiff may have against Spain would be a state law claim. However, because Plaintiff fails to state a claim cognizable under § 1983 against the other Defendants, there is no basis for this Court to maintain pendent or supplemental jurisdiction over Spain for this potential state law claim. Plaintiff may instead sue this Defendant in state court if he so desires.

### Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319; *Haines v. Kerner*, 404 U.S. at 519; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**Plaintiff's attention is directed to the notice on the following page.**

Bristow Marchant
United States Magistrate Judge

May 6, 2008
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

